UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X

UNITED STATES OF AMERICA,

-against-

MICHAEL JOHNSON,

Defendant.

-------------------------------------------------X

ORDER
22-CR-0494 (JS)

APPEARANCES

For the Government: Samantha Alessi, Esq.
Assistant United States Attorney
Eastern District of New York
100 Federal Plaza, Suite 570
Central Islip, New York 11722

For Defendant Michael Johnson: Gary Kaufman, Esq.
Law Office of Gary Kaufman, PLLC
377 Broadway, 8th Floor
New York, New York 10013

SEYBERT, District Judge:

On August 21, 2026, this Court held a hearing (the "Hearing") to address two motions filed by Defendant Michael Johnson ("Defendant"). Defendant's motions respectively seek to (1) alter the judgment against him to allow computer access while he is incarcerated (the "Motion to Alter"), and (2) exclude restitution, based upon the Government's failure to make an application within 90 days of sentencing (the "Motion to Exclude"). (See Motion to Alter, ECF No. 319; Motion to Exclude, ECF No. 328.)

At the conclusion of the Hearing, ruling from the bench, the Court denied the Motion to Alter; it reserved decision on the Motion to Exclude. Now, for the reasons set forth below, the Court GRANTS the Motion to Exclude.

## BACKGROUND

I. Facts

A. Background, Generally

The Court assumes the parties' familiarity with the background of this case. However, for the reader's convenience, the Court provides the following summary. On October 31, 2025, Defendant was convicted of four counts related to his involvement in a sex-trafficking operation at the Sayville Motor Lodge in Sayville, New York. (See Oct. 31, 2025 Minute Entry, ECF No. 271.) On April 15, 2026, this Court sentenced Defendant to, inter alia, 264 months' incarceration. (See Apr. 15, 2026 Minute Entry, ECF No. 308.) At that time, the Court did not order restitution, while the Government represented it would submit a restitution application "well before the 90 da[y]" statutory deadline. (Apr. 15, 2026 Sent'g Hr'g Tr. at 75:12-20 (referencing 18 U.S.C. § 3664(d)(5)).) Notwithstanding it is past the 90-day statutory deadline, to date, the Government has not filed an application; nor has it requested an extension to do so. (See Case Docket, in toto.)

Defendant is currently 37-years-old and serving his sentence at FCI Jesup, a medium security federal correctional institution located in Jesup, Georgia; he has an anticipated release date of January 16, 2042. See Fed. Bureau of Prisons ("BOP"): Find an Inmate, Michael Johnson (BOP Reg. No. 32722-510), https://www.bop.gov/inmateloc/ (last visited Aug. 28, 2026) (identifying Defendant's location as "Jesup FCI"); (see also Motion to Exclude at 1).

B. The Subject Motions

On June 1, 2026, Defendant filed the Motion to Alter, asserting FCI Jesup barred him from computer use because of the computer-related restrictions included in the conditions of his supervised release imposed at sentencing and included in his Judgment. (See Motion to Alter at 1.) Thus, he asked "the Court to modify the Judgment or endorse an Order that the special conditions of Mr. Johnson's supervision are not to interfere with his computer access." (Id.)

On July 24, 2026, Defendant filed the Motion to Exclude, arguing the 90-day post-sentencing deadline has expired. (Motion to Exclude at 1); see also 18 U.S.C. § 3664(d)(5) (the Court "shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing").

C. The August 2026 Motions Hearing

At the August 2026 Motions hearing, counsel for Defendant and the Government appeared in person, as did the assigned Probation Officer. (See Aug. 21, 2026 Minute Entry, ECF No. 341; Aug. 21, 2026 Mot. Hr'g Tr.) The following persons participated telephonically: Defendant; Andrew Navratil, Esq., BOP Counsel; Christian Snowden, Defendant's BOP Case Manager; and, Blake Edwards, FCI Jesup Executive Assistant. (See id.)

1. The Motion to Alter

Regarding the Motion to Alter, Defendant's counsel emphasized the need to communicate regularly with Defendant, particularly in light of Defendant's pending appeal. (See Mot. Hr'g Tr. at 3:11-4:06.) The Government took no position on the Motion to Alter, deferring to the BOP. (See id. at 4:09-18.) BOP counsel explained that Defendant was not barred from using computers due to any restrictions in the Judgment, but rather, he was barred because, under BOP policy, his offense conduct and personal history indicated his "use of the email system jeopardized the safety, security, and ordinary operation of the facility or was needed to protect the public and staff." (Id. at 7:06-22.) BOP counsel also identified alternative modes of communication available to Defendant, including regular mail, legal mail, monitored phone calls, and scheduled legal calls. (See id. at 10:04-18.)

After considering the parties' arguments, and, in particular, the BOP's policy regarding email use by persons convicted of crimes similar to Defendant's offenses of conviction, the Court orally denied the Motion to Alter. It explained: "[A]bsent a mechanism to be able to filter out all but attorney client communication on Trulincs, I'm not going to change" the BOP's determination, which was, in any event, discretionary. (Id. at 25:23-25.) In making its ruling, the Court also emphasized "[t]here must be a concerted effort by the defendant[,] counsel and the BOP to ensure that the phone calls get done quickly," as well as that the BOP had "offered an alternative" for Defendant to make appeal-related communications that did not offend the BOP's email policy. (Id. at 26:1-3; see also id. at 26:4-27:08.)

2. The Motion to Exclude

Continuing at the Hearing, Defendant's counsel reiterated his timeliness arguments raised in the Motion to Exclude. (See id. at 29:01-24.) He also asserted allowing the Government to seek restitution after the deadline, without having requested an extension, could improperly inject a new issue into the appeals process. (See id.) The Government countered that its failure to submit an application resulted from difficulties obtaining documentation from a victim experiencing health and other issues, conceding it made a "mistake" by not alerting defense counsel of its intention to apply for restitution. (Id. at

27:20-28:09; 33:09-15.) The Government also maintained an untimely restitution application would nonetheless be permissible because a district court may order restitution after the 90-day period where the amount was left open at sentencing, citing United States v. Pickett, Second Circuit precedent, in support of its position. (Id. at 28:10-21 (citing 612 F.3d 147).) According to the Government, it plans on seeking no more than "a couple thousand dollars" in restitution. (Id. at 34:05-7.) The Court reserved decision on the Motion to Exclude.

DISCUSSION

Having ruled on Motion to Alter, the Court proceeds to the Motion to Exclude. However, before it does so, the Court reiterates: FCI Jesup is to make every effort to coordinate with Defendant's counsel to provide him and his client, Defendant, all the opportunities counsel deems reasonably necessary to confer with his client.

Turning to the Motion to Exclude, the Court agrees with Defendant that any motion for restitution is untimely. Despite its representation at sentencing that it would submit an application "well before the 90 da[y]" deadline, the Government has yet to do so. See 18 U.S.C. § 3664(d)(5); (cf. Sent'g Hr' Tr. at 75:12-20; see also Case Docket, in toto). Moreover, the Government failed to notify Defendant's counsel that it intended

to submit an application, a failure it has admitted was a "mistake." (Motion Hr'g Tr. at 33:09-15.)

Further, the Government's cited authorities are unavailing. In Pickett, the Second Circuit upheld a district court's decision to order restitution 98 days after sentencing, because the district judge "left no doubt that restitution would be imposed" at sentencing while leaving unresolved only the amount to be imposed. Pickett, 612 F.3d at 149; see also Dolan v. United States, 560 U.S. 605 (2010) (holding district court retains discretion to order restitution after applicable 90-day period "where that court made clear prior to the deadline's expiration that it would order restitution"). For example, the Pickett district court left the restitution amount temporarily open to provide for "a more complete accounting of the victims' losses, because [it] did not 'want [the] case to come to its ultimate conclusion without a full investigation and solicitation of those victims.'" Id. at 148. Here, by contrast, the Court made no such statement at sentencing. Accordingly, Defendant's Motion to Exclude is GRANTED.

[Remainder of page intentionally left blank.]

## CONCLUSION

For the reasons set forth herein, IT IS HEREBY ORDERED the Court GRANTS Defendant's Motion to Exclude (ECF No. 328).

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 1, 2026
Central Islip, New York